FREDERICK F. PROCTOR, Respondent, *v.* HENRY P. SOULIER, Appellant.

*Order to show cause — it must comply with section 780 of the Code of Civil Procedure and rule 37 of the General Rules of Practice — it will be reviewed on an appeal from the order granted on the return thereof — injunction order — discretionary only on compliance with the Rules of Practice.*

An order to show cause takes the place of a notice of motion, and, under the provisions of section 780 of the Code of Civil Procedure and rule 37 of the General Rules of Practice, the former cannot be substituted for the latter except in the manner particularly pointed out and authorized therein.

The objection was specifically taken by the defendant in an action, on the return of an order to show cause procured by the plaintiff, that no special reason was

stated in the plaintiff's affidavits why a shorter time than eight days was required for the hearing of the motion nor was the condition of the action or the next term or Circuit at which it could be heard, stated in the affidavits. The objection was overruled before the defendant interposed his defense to the motion upon the merits.

*Held,* that the objection was not too technical to be regarded, as it might have involved a substantial right of the defendant by affording him inadequate time and opportunity to prepare to meet the affidavits used by the plaintiff upon the motion.

Where an application is made by the plaintiff in an action by an order to show cause, for an injunction and the appointment of a receiver, the defendant has a right to insist upon a substantial compliance with the Code of Civil Procedure and Rules of Practice, and if denied that right he is entitled to relief upon appeal.

An order to show cause constituted the only authority for a motion, upon which was granted an order which was appealed from; the order to show cause was recited in the order appealed from and constituted the jurisdictional basis upon which the order appealed from was granted.

*Held,* that although the order to show cause was not appealed from, yet, as the objection to its validity was raised on the motion, it must be regarded as having directly affected the order appealed from and might be reviewed upon such appeal.

Although the granting of an order for an injunction rests in the sound discretion of the Special Term, and should not be interfered with on appeal, it is only when the judge at Special Term has, in accordance with the prescribed rules of law and practice, acquired jurisdiction of the parties and subject-matter, that he can exercise such discretion.

APPEAL by the defendant, Henry P. Soulier, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 1st day of June, 1894, and in the office of the clerk of the county of Albany on the 19th day of June, 1894, appointing a receiver of the property of the firm of Proctor & Soulier, with notice of an intention to bring up for review upon such appeal said order.

*John A. Delehanty,* for the appellant.

*Dittenhoefer, Gerber & James* and *Simon W. Rosendale* and *Albert Hessberg,* for the respondent.

MAYHAM, P. J. :

Various preliminary objections of a somewhat serious character were raised by the defendant at the return of the order to show

cause, which are pressed here as grounds for a reversal of the order granting the temporary injunction and appointing a receiver in this case, and which seem worthy of consideration.

The first objection was based upon the ground that the papers on which the order was granted did not conform to the requirements of rule 37 of the General Rules of Practice of this court made under the provisions of section 780 of the Code of Civil Procedure.

That section provides that notice of motion and papers upon which it is to be made must be served at least eight days before the time of hearing when special provision is not made by law, or by the General Rules of Practice, for a shorter time, or the court or judge, upon affidavit showing that a shorter time is necessary, makes an order to show cause ; and rule 37 provides that an order to show cause shall in no case be granted unless a special and sufficient reason for requiring a shorter notice than eight days shall be stated in the papers presented, and the party shall, in his affidavit, state the present condition of the action and whether it is at issue, and if not yet tried, the time appointed for holding the next trial term or Circuit where the action is triable.

The order to show cause in this action was dated on the 18th day of May, 1894, and by its terms was required to be served on the nineteenth day of the same month, and was returnable on the twenty-third thereof, with leave to the plaintiff to serve other affidavits within two days before the hearing.

No special reason is stated in the affidavits why a shorter time than eight days was required for the hearing of the motion, nor was the condition of the action or the next term or Circuit at which it could be heard stated in the affidavits on which that order was granted, as required by rule 37.

The order to show cause takes the place of a notice of motion, and as it would seem from the section of the Code of Civil Procedure and rule above referred to, the former cannot be substituted for the latter except in the manner particularly pointed out and authorized therein.

This objection was specifically taken by the defendant on the return of the order to show cause, and was overruled before the defendant interposed his defense upon the merits.

We can hardly hold that this objection is too technical to be

regarded on this appeal. It may have involved a substantial right of the defendant by affording him inadequate time and opportunity to prepare to meet the somewhat voluminous affidavits used by the plaintiff on this motion.

At all events, the defendant had a right on this summary application for an injunction and for the appointment of a receiver to insist upon a substantial compliance with the Code and rules, and if denied that right to ask this court to enforce its rules.

It was also objected by the defendant, on the hearing of this motion, that the temporary injunction was defective in not briefly stating the ground upon which it was granted, as required by rule 13 of the General Rules of Practice of this court.

It is true that the order to show cause is not appealed from, but it constitutes the only authority for the motion on which the order appealed from was granted, is recited in the order appealed from, and constitutes the jurisdictional basis upon which the order appealed from was granted, and as the objection to its validity was raised on this motion, I think it must be held as directly affecting the order appealed from, as without the order to show cause there would be no notice of motion on which this order could have been made.

It is insisted that the granting of the order for an injunction rested in the sound discretion of the Special Term, and should not be interfered with on appeal. But it is only when the judge at Special Term has, in accordance with the prescribed rules of law and practice, acquired jurisdiction of the parties and subject-matter that he can exercise such discretion.

The object of rules of court and statutory methods of practice is to guard parties from surprise, and preserve method and order in the administration of justice, and parties and attorneys have a right to expect that the courts will administer the law in accordance with the rules which they have promulgated for their guidance.

Failure on the part of the courts to observe them makes the rules little less than a delusion and a snare by which the public may be misled to their injury.

For these reasons we think the order appealed from was erroneous and should be reversed.

PUTNAM and HERRICK, JJ., concurred.

Order reversed, with ten dollars costs and printing disbursements.