In re LYMAN.[1]

(Supreme Court, Special Term, New York County. January 19, 1898.)

NOTICE OF MOTION—ORDER TO SHOW CAUSE—AFFIDAVIT—EXIGENCY.

A motion brought on for hearing on an order to show cause, based on an affidavit which does not show an exigency to exist requiring the shortening of the usual eight-day notice, will be dismissed where it is returnable in less than eight days, under Code Civ. Proc. § 780, which provides that notice of motion shall be served at least eight days before the hearing, unless the court, on an affidavit showing grounds therefor, makes an

---

[1] Affirmed in 29 App. Div. 390, 52 N. Y. Supp. 1145.

order to show cause, and directs that service thereof less than eight days before it is returnable shall be sufficient.

Motion based on order to show cause, by Henry Korndorfer, in the matter of application of Henry H. Lyman for an order revoking liquor tax certificate No. 6,080, granted to him. Motion dismissed.

The following are the order to show cause and the affidavit on which it was based:

"Upon the annexed affidavit of Joseph O. Hart, attorney for Henry Korndorfer, let Henry H. Lyman, state commissioner of excise of New York, or George Hilliard, special deputy commissioner of excise, show cause before this court, at a special term, part 1 thereof, to be held at special term, at county court house in the city of New York, on the 15th day of December, 1897, at 10:30 o'clock in the forenoon of that day, or as soon thereafter as counsel can be heard, why Henry Korndorfer should not be granted a stay of proceedings under the order made and entered herein the 22d day of November, 1897, pending an appeal from said order to the appellate division of this court for the First department, and until the hearing and determination of the appeal by said appellate division; and until the hearing and decision of this motion let all proceedings on the part of the said Henry H. Lyman and of the said George Hilliard under said order of November 22, 1897, aforesaid, be, and the same are hereby, stayed.

"Service of this order on George Hilliard, or his attorney, on or before 10th day of December, 1897, at noon, shall be deemed sufficient service.

"Dated, New York, December 8th, 1897.

"[Signed]　　　　　　　　　　Roger A. Pryor, J. S. C."

"City and County of New York—ss.: Joseph O. Hart, being duly sworn, deposes and says: I am the attorney for Henry Korndorfer in the above-entitled proceeding. That the said Henry Korndorfer desires and intends to appeal from the order made herein by the Hon. Martin S. Stover, one of the justices of this court, at special term, part 1, granting the petition of Henry H. Lyman, state commissioner of excise. That deponent desires a stay of proceedings upon the order until the hearing and determination of the appeal to be taken from the order to the appellate division, and until its decision on said appeal. That said appeal will be taken in good faith, brought on and ready for hearing on the part of the appellant by the 30th day of December, 1897. No previous application has been made for this or a like order to any other court or judge.

"[Signed]　　　　　　　　　　　Joseph O. Hart.

"Sworn to before me this 8th day of December, 1897.

"Jessie E. Ehrlich, Notary Public No. 48, N. Y. Co."

Nevada N. Stranahan, for relator.

William S. Andrews, for respondent.

BEEKMAN, J. This is a motion for a stay of proceedings pending an appeal taken by the respondent from an order heretofore made and entered herein revoking a liquor tax certificate. 49 N. Y. Supp. 559. The motion is brought on on an order to show cause with an ad interim stay, and the preliminary objection is made by the attorney for the petitioner that the affidavit on which such order was made fails to state any reason for a shorter notice than eight days, as required by rule 37 of the general rules of practice and by section 780 of the Code of Civil Procedure. It is also further objected that the order makes no provision for the service of the same on the petitioner. I think the first objection is well taken. The notice provided for in the order is less than eight days, and no reason is disclosed by the affidavit for thus shortening the time. The order

was therefore made in violation of section 780 of the Code of Civil Procedure and rule 37 of the general rules of practice. The objection is a substantial one, and, when raised, cannot be disregarded by the court. Proctor v. Soulier, 82 Hun, 353, 31 N. Y. Supp. 472. The second objection is also well taken. The motion must therefore be dismissed, with $10 costs.

Notice order for settlement.