(37 Misc. Rep. 606.)

### In re FERRIS.

(Supreme Court, Special Term, Kings County. April, 1902.)

ORDER TO SHOW CAUSE—WHEN RETURNABLE.

Under Code Civ. Proc. § 780, providing that, when a notice of motion is necessary, it shall be served at least eight days before the time appointed for the hearing, unless the judge makes an order to show cause why an application should not be granted, and directs that service thereof less than eight days shall be sufficient, an order to show cause may be returnable in more than eight days from the granting of the order.

In the matter of Anna W. Ferris, an alleged incompetent. Motion to vacate an order to show cause. Denied.

Paul Fuller, for the motion.

M. H. Fowler, opposed.

GAYNOR, J. On an inquisition the alleged incompetent was adjudged to be an incompetent and a committee of her estate was appointed, and took possession thereof. On motion this court set aside the verdict of incompetency, and vacated the final order appointing such committee, and directed that the property of the alleged incompetent be restored to her. The petitioner who instituted this proceeding thereupon obtained from a justice of this court an order to show cause why a stay of proceedings should not be had pending an appeal by him from the said order setting aside the verdict, etc.; such order to show cause being returnable at a special term of this court to be held at the city of Newburgh in Orange county on a day named therein which is more than eight days from the day the same was granted, and also from the day it was served.

I do not think the order is a nullity, nor that it has to be vacated as irregular. Section 780 of the Code of Civil Procedure prescribes that where a notice of motion is necessary it must "be served at least eight days before the time appointed for the hearing," unless the court or judge "makes an order to show cause, why the application should not be granted; and, in the order, directs that service thereof, less than eight days before it is returnable, be sufficient." Rule 37 of the general rules of practice is only (and altogether unnecessarily) to the same effect; except that it says in ad-

dition that "such order" (i. e., returnable in less than eight days) "shall in no case be granted unless a special and sufficient reason for requiring a shorter notice than eight days shall be stated in the papers presented," etc.  This is far from saying that the court or a judge may not make an order to show cause returnable in more than eight days.  It only covers the case of orders to show cause returnable in less than eight days.  It does not purport to prevent orders to show cause returnable in more than eight days from being granted.  The decision to the contrary in Vale v. Railroad. Co., 12 Civ. Proc. R. 102, is based on rule 37 as it then existed, i e., on the following clause then in such rule, viz.:

"Orders to show cause shall not be granted except where a notice of eight days cannot be given, and every such order must fix a day for showing cause less than eight days after the same is made.  Unless this provision is complied with the order shall be a nullity and may be treated as such."

But this clause was omitted in the revision of 1887, and the rule as it now exists is also otherwise changed in phraseology and scope. Judges always had the power to issue orders to show cause returnable in more than eight days, and the Code of Civil Procedure does not purport to take it away.  Whether it can be taken away by a rule of court no longer needs to be considered.  The opinions in Proctor v. Soulier, 82 Hun, 353, 31 N. Y. Supp. 472, and in Grossman v. Supreme Lodge, 16 Civ. Proc. R. 215, 5 N. Y. Supp. 122, do not say that such an order is irregular.  No such point was before the court in those cases, and the mind of the court was not upon it.  The general language used had reference to the order before the court, i. e., one returnable in less than eight days.

The order to show cause being good, no reason is given why the stay of proceedings contained therein is irregular or not allowable.

Nor do I think the court should shorten the time and hear the motion here, because the return day of the order is now only three days hence.  The papers purport to reveal a disposition on the part of the moving party in the past and now to get the case before a particular judge, but that is not a reason for another judge interfering.  Moreover, the learned judge before whom the application is coming will be wholly unconscious of such motives, and would strongly deprecate them.

The motion is denied.