## In re GENEVA BASKET CO.

(Supreme Court, Special Term, Ontario County. February 27, 1911.)

CORPORATIONS (§ 610*)—VOLUNTARY DISSOLUTION—APPLICATION OF STOCK-HOLDER—NOTICE TO ATTORNEY GENERAL—SUFFICIENCY.

A copy of a petition for a voluntary dissolution of a corporation and order to show cause, with a copy of the proposed order, was served upon the Attorney General more than eight days before the beginning of the term. *Held*, that the order to show cause need not be made returnable in less than eight days, and that, the order to show cause being equivalent merely to notice of motion, no notice to the Attorney General of the application for the order to show cause was required, so that the notice to the Attorney General of the application for voluntary dissolution was sufficient.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 610.*]

In the matter of the voluntary dissolution of the Geneva Basket Company, a corporation. Petition by Michael J. Maney, a stockholder and director, for its voluntary dissolution. Motion granted.

E. A. Griffith, for petitioner.

P. H. Leahy, for John B. Kenny, a stockholder and director.

FOOTE, J. On January 9, 1911, this court made an order, on the petition of John B. Kenny, a director of the Geneva Basket Company, a corporation, directing all persons interested to show cause before a referee named in the order why said corporation should not be dissolved. No notice of the application for this order was given to the Attorney General, as required by statute. On the return day of the order to show cause the proceeding was adjourned to February 14, 1911, and on February 13, 1911, the present petitioner, Michael J. Maney, also a stockholder and director, procured from a justice of this court an order to show cause at this term, based on his petition, why the petition of said Kenny should not be dismissed, and the order to show cause based thereon vacated, on the ground that no notice of the application for said order to show cause had been given to the Attorney General; also why the prayer of his petition for a voluntary dissolution should not be granted. A copy of this petition and order to show cause, with a copy of the proposed order to be applied for, were served upon the Attorney General and upon said Kenny more than eight days before the beginning of the present term.

Counsel for said Kenny concedes that all proceedings on his prior petition are null and void, for failure to give notice of the application to the Attorney General, as the statute requires; but he objects that Maney's petition and motion cannot be granted, because the application is upon order to show cause returnable in more than eight days, and that it was based upon a petition, instead of an affidavit; also that no notice of the application for the order to show cause was given to the Attorney General.

These objections are not, in my opinion, well taken. That an order to show cause need not be made returnable in less than eight days is

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

held in Matter of Ferris, 37 Misc. Rep. 606, 76 N. Y. Supp. 159, where Judge Gaynor reviews the cases relied upon by counsel here, and holds that, since the amendment of rule 37 in 1887, there is no rule or statute which prevents the bringing on of a motion by order to show cause returnable in more than eight days. I find no authority to the contrary. The order to show cause is equivalent to a notice of motion, and no notice to the Attorney General of application for the order to show cause is required. Greason v. Goodwillie-Wyman Co., 38 Hun, 138. The petition is an affidavit. Code Civ. Proc. § 3343, subd. 11. I find no valid objection to the petitioner's papers.

Counsel for said Kenny, relying upon the sufficiency of his objection to the papers of his adversary, submits a new petition by his client for voluntary dissolution, with proof of service upon the Attorney General, intending that it shall be acted upon at this term, in case the application of the petitioner Maney is denied; but, as above stated, I see no reason for denying Maney's petition, and, as his proceedings seem to be regular, his application must take precedence, and the petition now presented by Kenny must be dismissed.

Petitioner Maney is entitled to an order dismissing Kenny's first petition and vacating the order to show cause based thereon, and granting, upon Maney's present petition, an order in the form of the proposed order attached to his petition, copy of which was served upon the Attorney General.

No costs are allowed to either party.