HINMAN v. DEVLIN et al.

DEVLIN v. HINMAN

(Supreme Court, Appellate Division, Second Department. May 8, 1899.)

1. TRIAL—HEARING OF MOTIONS—SPECIAL TERM.

Rule 26, requiring motions to be heard at the special term, does not apply to a motion to confirm a report of a referee appointed by a justice at the special term, on a motion for a substitution of an attorney, to determine the amunt due the attorney originally employed, where the justice was sitting at the trial term when the motion for confirmation was ready for hearing.

2. ATTORNEYS—SUBSTITUTION—LIENS.

A lien given an attorney on the making of an order substituting another in his stead should be restricted to the papers in his hands, and should not embrace the referee's fees, nor all the real and personal property of the client involved in the suit.

Appeals from special term, Kings county.

Action by Mary E. Hinman against John Devlin and others, and an action by John Devlin against Mary E. Hinman. John Devlin moved for the substitution of L. R. Beckley as his attorney in the place of Horace Graves. From an order requiring the payment of $5,250 to Graves as a condition of substitution, and from an order denying a motion to vacate the foregoing order, Devlin appeals. Modified.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

John McCrone, for appellant.

Horace Graves, in pro. per.

PER CURIAM. This is a proceeding for the substitution of an attorney for John Devlin in the above-entitled actions. The motion

first came up before Mr. Justice MADDOX, at the special term for the hearing of motions; and, after reading the affidavits on both sides, the learned judge made an order referring the matter to a referee, to take proof, and report with his opinion, what sum if any was fairly due to Mr. Graves, and directing the application to stand over for further consideration until the coming in of the referee's report. The motion to confirm the report was subsequently noticed for the trial term, where Mr. Justice MADDOX was then sitting, instead of being brought on at the special term for the hearing of motions. There was no error or impropriety in this course, however, as the application, having been partly heard on affidavits by one judge, could not well be continued before another. Rule 26 does not apply under such circumstances, and the objection by the appellant to the procedure cannot be sustained.

Upon the merits, the referee must have held that there was an oral agreement between Mr. Graves and Mr. Devlin whereby the prior written contracts of the attorney were abrogated, and the client undertook to pay counsel whatever his services should be reasonably worth. While this conclusion can be upheld, our estimate of the value of the professional work performed by the respondent, as set forth in the testimony taken on the reference, is somewhat lower than that of the learned referee; and we think he would be fully compensated by the present payment of $2,500. The order of substitution must therefore be modified by making $2,500 the sum to be paid by the appellant. The lien which it gives to the attorney should be restricted to the papers in his hands in the two actions, and should not embrace the referee's fees. We know of no authority for extending such a lien to all the real and personal property of the client involved in the pending lawsuits in charge of the attorney, as has been attempted here. The order will be modified, also, in this respect, and, as thus modified, will be affirmed, without costs to either party.

The order refusing to vacate the order of substitution is affirmed, without costs.