(65 App. Div. 190.)

### BRADY v. KENNEDY et al.

(Supreme Court, Appellate Division, First Department. November 8, 1901.)

1. REFEREE—RESIGNATION—APPOINTMENT OF SUCCESSOR—APPLICATION TO JUSTICE—PROPRIETY.

A referee appointed at the special term resigned, whereupon plaintiff, on two days' notice, moved one of the justices of the supreme court to appoint a successor. *Held,* that the motion was improperly addressed to a justice of the court, the court itself being the proper authority to appoint the successor.

2. SAME—NOTICE OF MOTION—SUFFICIENCY.

Treating the motion as addressed to the special term, the notice was insufficient, under rule 37, Gen. Rules Prac., requiring five days' notice of motions returnable at special term.

Appeal from special term, New York county.

Action by William A. Brady against James C. Kennedy and others. From an interlocutory order appointing a referee, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Charles Haldane, for appellants.
David Gerber, for respondent.

McLAUGHLIN, J. In this action a referee was appointed to take proof of certain facts and make a report thereon to the court. He took the oath required (Code Civ. Proc. § 1016), and entered upon the discharge of his duties; but, before proceeding to take testimony as to the matters referred to him, he suggested that the respective attorneys enter into a stipulation increasing his fees beyond those allowed by statute. This the attorney for the defendants refused to do, whereupon the referee adjourned the hearing; and thereafter, and before the adjourned day, he forwarded to the learned justice who presided at special term when the order appointing him was made a letter to the effect that he resigned his position as referee.

Upon this letter the plaintiff thereafter served notice that he would two days later apply, not to the court, but to Hon. Henry Bischoff, Jr., one of the justices thereof, for an order naming and appointing a referee in place of the one theretofore appointed, who had resigned. The motion was opposed by the defendants upon the ground, among others, that there was no authority for making a motion of this character upon two days' notice. The motion was granted, and defendants have appealed.

The original appointment of a referee was by the court, and he was by it directed to make a report to the court, and not to a justice of it. Had he made a report, it would have been directed to the court, and his resignation, therefore, should have been addressed to the court. He having been appointed by the court, another referee to take his place could only be appointed by the same authority. The notice of motion was that the plaintiff would apply, not to the court, but to one of the justices of it. But, if the notice of motion could be treated as a notice of motion returnable at special term. then it was ineffectual for that purpose, inasmuch as the defendants were entitled to five days' notice. Rule 37, Gen. Rules Prac. There is no authority for making a motion of this kind at special term upon two days' notice. The defendants opposed the granting of the order upon this ground, among others, and their objection in this respect should have been sustained, and the application denied.

The order appealed from, therefore, must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, with leave, however, to the respondent to renew his application. All concur.