NEW YORK CENTRAL IRON WORKS COMPANY, Respondent, *v.* UNITED STATES RADIATOR COMPANY, Appellant.

1. SALE — EXECUTORY CONTRACT — WHEN IT CANNOT BE REFORMED AT INSTANCE OF PARTY THERETO.   Where an executory contract of sale in writing provided that the vendor should furnish all the goods of a certain kind needed by the vendee for a certain year, on terms and at prices therein specified, and bound the vendee to deal exclusively in goods to be ordered under the contract and to enlarge and develop the market therefor so far as possible, and the vendor, after filling orders to an amount equal to that ordered by the vendee in the preceding year under a similar contract, refused to fill further orders which would bring the aggregate up to twice the amount ordered before, the vendor is not entitled, in an action brought by the vendee to recover damages for the vendor's refusal to supply goods, to have the contract reformed so as to call for only the usual amount of goods and not materially exceeding the quantity delivered in any one year before under a similar contract, upon the ground that there was a mutual mistake in framing the contract and that it was the intention to limit the quantity of goods to be delivered to an amount such as had been called for in previous years of similar dealing between the parties, since the contract bound the vendee to deal exclusively in goods to be ordered from the vendor and to enlarge and develop the market therefor so far as possible, and hence the contract was left open and indefinite as to the quantity to be ordered thereunder.

2. EVIDENCE — WHETHER A CERTAIN QUANTITY OF GOODS IS NEEDED, QUESTION OF FACT.   The question whether the orders were for goods required for the needs of the vendee's business calls for a fact and not for an opinion and cannot be excluded upon the ground that it calls for the opinion of a witness, especially where there is no defense that the goods were not required for the needs of the vendee's business.

3. FACTS TENDING TO SHOW UNREASONABLE AND UNFAIR USE OF CONTRACT CANNOT BE PROVED UNLESS SUCH FACTS ARE PLEADED AS A DEFENSE.   Although the vendee did not have the right to order goods under the contract to any amount, and was bound to carry it out in a reasonable way under the obligation of good faith and fair dealing implied in every contract, the vendor cannot prove facts tending to show that the vendee did not act reasonably or in good faith, but used the contract for speculation, instead of regular and ordinary business purposes, unless such defense was pleaded, and where it was neither pleaded nor proved the judgment for damages obtained by the vendee must be affirmed.

*N. Y. C. Iron Works Co.* v. *U. S. Radiator Co.*, 68 App. Div. 650, affirmed.

(Argued March 19, 1903; decided April 7, 1903.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 30, 1902, affirming a judgment in favor of plaintiff entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Adelbert Moot* and *William L. Marcy* for appellant. The true construction of the contract in question clearly limits defendant's obligations to the *bona fide* demands of plaintiff's customers as the plaintiff's business had been theretofore transacted, and this is shown by the insertion in the contract of the words " with their entire radiator needs for the year 1899," and also by the correspondence of the parties, showing each so construed it for many months after it was made. (*R. R. Co.* v. *Trimble*, 10 Wall. 377; *Bennett* v. *E. L. I. Co.*, 164 N. Y. 131; *Blossom* v. *Griffin*, 13 N. Y. 569; *Nicoll* v. *Sands*, 131 N. Y. 19; *Woolsey* v. *Funke*, 121 N. Y. 87; *Sattler* v. *Hallock*, 160 N. Y. 301; *Hemingway* v. *Poucher*, 98 N. Y. 287.) It was error to permit plaintiff's manager to give his opinion that the plaintiff's "orders" to the defendant "were for goods which were required for the needs of the plaintiff's business," instead of requiring him to state the facts and let the court pass on that question; and as this incompetent opinion is the basis for the speculative, conjectural damages awarded plaintiff, defendant's exception is well taken. (*Schwander* v. *Birge*, 46 Hun, 66; *Schneider* v. *R. R. Co.*, 133 N. Y. 583; *Harley* v. *B. C. M. Co.*, 142 N. Y. 31; *Dougherty* v. *Milliken*, 163 N. Y. 527; *Erben* v. *Lorillard*, 19 N. Y. 299.)

*Charles A. Hawley* for respondent. The referee correctly construed the contract, properly applied the evidence thereto and enforced it according to its true intent and meaning. ( *Trustees of Southampton* v. *Jessup*, 173 N. Y. 84; *Dady* v. *O'Rourke*, 172 N. Y. 452; *Stowell* v. *G. Ins. Co.*, 169 N. Y. 375.) The exceptions to the rulings of the referee upon the

reception, exclusion and striking out of evidence are none of them tenable. (*Sweet* v. *Tuthill*, 14 N. Y. 465; *Raynor* v. *Page*, 2 Hun, 652; *Murray* v. *Deyo*, 10 Hun, 6; *Van Ingen* v. *M. & E. Pub. Co.*, 14 Misc. Rep. 331; *Knapp* v. *Smith*, 27 N. Y. 277; *Morehouse* v. *Matthews*, 2 N. Y. 516; *R. U. Seminary* v. *McDonald*, 34 N. Y. 381; *Brink* v. *H. F. Ins. Co.*, 80 N. Y. 115; *Littlejohn* v. *Shaw*, 159 N. Y. 193.)

O'Brien, J. This action was to recover damages for the breach of a written executory contract between the parties for the sale and delivery of goods. The contract was an open one as to the quantity of goods which the defendant was to deliver. The defendant became bound to furnish the plaintiff " with their entire radiator needs for the year 1899 " on the terms and at the prices specified, as to which there is no dispute. The defense is that the defendant filled all orders from the plaintiff until forty-eight thousand feet of radiation had been delivered, which was as much as the plaintiff had ever required before, but that the plaintiff continued to send in orders that would bring the aggregate for the year up to one hundred thousand feet, and these orders in excess of the amount delivered the defendant refused to fill. The defendant construed the contract as calling for only the usual amount of goods and not materially exceeding the quantity delivered in any one year before under a similar contract. The defendant claimed in its answer that there was a mutual mistake in framing the contract, since the intention was to limit the quantity of goods to be delivered to an amount such as had been called for in previous years of similar dealing between the parties, and asked that the contract be reformed in this respect.

The proof given at the trial was directed to that issue, but the facts were found against the defendant and the defense failed. The contention of the learned counsel for the defendant now is that such a limitation was necessarily imported into the contract and it should be construed as containing it. We think that the contention cannot be sustained. The defendant

bound the plaintiff to deal exclusively in goods to be ordered from it under the contract and to enlarge and develop the market for the defendant's wares so far as possible. Hence, the parties left the contract open and indefinite as to the quantity of goods that the plaintiff might order from time to time. It is quite probable that this controversy originated in a circumstance which the defendant, at least, had not anticipated or provided for. After the execution of the contract there was a large advance in the market price of iron and the manufactured products of iron, and, consequently, the value and selling price of the goods covered by this contract advanced in the same or possibly in a greater proportion. The *needs* of the plaintiff could be indefinitely enlarged when the market was in such a condition as to enable it to undersell its competitors in the same business in consequence of a favorable contract with the manufacturer of the goods. If a party contracts for goods upon a rising market he is ordinarily entitled to such profits as may accrue to him by reason of a prudent or favorable contract. We cannot perceive that there is any error of law in this judgment, although the plaintiff has recovered a considerable sum in damages for the breach. The case in its general features is the same as another case which was recently before this court, where there was a similar recovery that was sustained. (*Fuller & Co.* v. *Schrenk*, 58 App. Div. 222; affd., 171 N. Y. 671.)

There is but one exception in the record that requires any notice. The plaintiff called its manager and treasurer as a witness, and proved by him that he was familiar with the business and the orders sent by the plaintiff to the defendant. He was then asked whether " those orders were for goods which were required for the needs of the plaintiff's business." The question was objected to by the defendant's counsel on the ground, among others, that it called for the opinion of the witness. The objection was overruled and the defendant's counsel excepted. There are two answers to this exception: (1) It is by no means clear that any defense was interposed which required the plaintiff to give such proof. The only

defenses were a mutual mistake upon which a demand for the reformation of the contract was based, and the claim that the contract upon its face, when properly construed, was limited to orders that in amount and aggregate did not exceed the orders of the previous year.  There was no such defense as that the goods ordered were not required for the needs of the plaintiff's business.  (2) The question did not call for an opinion but a fact.  If the plaintiff could sell the goods ordered at a profit then it needed them, and there was no doubt about the plaintiff's ability to sell the goods at a larger profit.  What a merchant may need in his business is generally a matter of fact, and if he should testify that he needed fifty barrels of sugar or flour, or so many chests of tea, it would not, I think, violate the rule of evidence which requires a witness to testify to facts and not opinions.  The damages and all the other questions in the case called for an inquiry as to facts.  This court is concluded on all such questions by the unanimous decision below.

But we do not mean to assert that the plaintiff had the right under the contract to order goods to any amount.  Both parties in such a contract are bound to carry it out in a reasonable way.  The obligation of good faith and fair dealing towards each other is implied in every contract of this character.  The plaintiff could not use the contract for the purpose of speculation in a rising market since that would be a plain abuse of the rights conferred and something like a fraud upon the seller.  The plaintiff's claim for damages in this case might have been affected by the condition and customs of the trade, and any breach of good faith on its part could be taken into account.  In such a case it would be competent for the defendant to plead and prove facts to show that the orders were in excess of the plaintiff's reasonable needs and were not justified by the conditions of the business or the customs of the trade.  In other words, that the plaintiff was not acting reasonably or in good faith, but using the contract for a purpose not within the contemplation of the parties; that is to say, for speculative as distinguished from

regular .and ordinary business purposes. But no defense of this kind was either pleaded or proved in this case, and so the judgment must be affirmed, with costs.

PARKER, Ch. J., BARTLETT, HAIGHT, VANN, CULLEN and WERNER, JJ., concur.

Judgment affirmed.