EDWARD MOORE, Trading as MOORE BROTHERS, Respondent, v. AMERICAN MOLASSES COMPANY OF NEW YORK, Appellant.

Third Department, July 2, 1917.

Appeal — practice — appeal from ex parte order vacating order for examination of plaintiff before trial — pleading — bill of particulars — action for breach of contract defended upon ground that plaintiff is using same for purposes of speculation, etc.

Where an ex parte order for an examination of a plaintiff before trial has been vacated by the justice who granted the same on an ex parte motion of the plaintiff, no direct appeal to the Appellate Division lies from the order vacating the original order. To entitle the defendant to review said order a motion must first be made to vacate it when, if denied, an appeal lies from the order of denial.

Where a defendant sued for an alleged breach of contract to sell and deliver certain goods to the plaintiff defends upon the ground that the contract of sale only required the defendant to furnish the quantity of goods used by the plaintiff in his own business during the current year and that as the price of the commodity had risen the plaintiff had embarked upon a scheme to solicit customers of the defendant and require the latter to furnish said goods to the plaintiff in unlimited quantities to be sold by him for purposes of speculation, etc., the defendant is entitled to a bill of particulars showing the names and addresses of all the persons from whom the plaintiff claims to have received orders for the goods and the dates, quantities ordered and prices of goods alleged to have been sold by the plaintiff, the contemplated profits upon which constitute the damage he seeks to recover.

SEPARATE APPEALS by the defendant, American Molasses Company of New York, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 28th day of February, 1917, denying defendant's motion for a bill of particulars, and also from an ex parte order of a justice of the Supreme Court, entered in said clerk's office on the 22d day of March, 1917, vacating and setting aside a prior order for the examination of the plaintiff before trial.

*Leo Levy* [*Alex Davis* of counsel], for the appellant.

*Herrick & Herrick* [*Charles J. Herrick* of counsel], for the respondent.

LYON, J.:

On May 1, 1915, the plaintiff and the defendant entered into a contract in writing, in continuation of contracts of previous years between the parties, by which the defendant undertook to supply the plaintiff, at specified prices, with all the molasses which he should require in his regular business of veterinarian and dealer in stable and dairy supplies for one year from that date, the same to be shipped f. o. b. New York as per purchaser's orders. Up to February 12, 1916, the defendant had filled orders under the contract for 964 barrels which was 122 barrels more than the plaintiff had required in any previous year. On the latter date the defendant notified the plaintiff that it would no longer supply the plaintiff with molasses under the terms of the contract. The plaintiff between the time of the receipt of such notification and May 1, 1916, sent the defendant orders for molasses aggregating 2,773 barrels which the defendant refused to furnish, whereupon the plaintiff brought this action to recover his alleged damages of $15,251.

The answer alleged that the intent of the contract was that the defendant should furnish the plaintiff with such quantity of molasses as he should require in his regular business of veterinarian and dealer in dairy and stable supplies, and for such purposes only; but that the plaintiff in order to cheat and defraud the defendant and interfere with its business, well knowing that owing to the unusual demand for molasses it had risen largely in price, embarked upon the scheme to solicit large customers of the defendant engaged in distilling and other lines of business, other than that of veterinarian and dealer in dairy and stable supplies, under the claim that said contract required the defendant to furnish the plaintiff molasses in unlimited quantities, and that the plaintiff was not acting reasonably and in good faith but was using the contract for the purpose of speculation, and not for the purpose within the contemplation of the parties.

In February, 1917, the defendant in order that it might procure testimony for use upon the trial and establish the conditions under which such orders were procured, duly moved for an order requiring the plaintiff to furnish a bill of particulars of the names and addresses of the parties from whom he

claimed he had received orders for said 2,773 barrels of molasses, without which particulars the defendant claimed it would not be prepared to adequately meet the proof of plaintiff's claim, and would encounter surprise upon the trial. The plaintiff opposed the motion and the same was denied, with costs. From such order one of the appeals now before us was taken.

On March 17, 1917, the defendant obtained, *ex parte*, from a justice of the Supreme Court an order for the examination of the plaintiff before trial concerning matters relevant to the issues in the action and particularly as to whether the orders for molasses were given for the purposes of plaintiff's business of veterinarian and of supplying his customers in stable and dairy supplies. On March twenty-first the justice granting the order granted, *ex parte*, upon the application of the plaintiff, an order annulling, vacating and setting aside, with ten dollars costs to plaintiff, the said order of March seventeenth upon the ground that the motion papers which consisted of the verified pleadings and two affidavits did not set forth allegations of fact showing that the testimony sought to be elicited by the defendant from the plaintiff before trial was material and necessary for the defense of the action. From the latter order the other appeal now before us was taken.

The preliminary objection was raised upon the argument before us that an appeal did not lie to this court from the *ex parte* order of March twenty-first, but that to entitle the defendant to review such order a motion must first have been made to vacate the order, when if denied an appeal would lie from the order of denial. The objection must be held to have been well taken under the decisions in *Stewart* v. *Stewart* (127 App. Div. 672); *Belfer* v. *Ludlow* (144 id. 746, 750).

The case at bar is very similar to that of *New York Central Iron Works Company* v. *United States Radiator Company* (174 N. Y. 331). In that case also the contract was an open one as to the quantity of goods which the defendant was to deliver. It became bound to furnish the plaintiff " with their entire radiator needs for the year 1899," but required the plaintiff to deal exclusively in goods to be ordered from it under the contract, and to enlarge and develop the market for the defendant's wares as much as possible. In the case at bar the quantity of molasses to be furnished was simply

" their full requirements." There was nothing in the contract indicating that molasses was to be furnished further than was needed by the requirements of the plaintiff's regular business as it had been furnished by defendant during the previous years. The court in the former case said: " Both parties in such a contract are bound to carry it out in a reasonable way. The obligation of good faith and fair dealing towards each other is implied in every contract of this character. The plaintiff could not use the contract for the purpose of speculation in a rising market since that would be a plain abuse of the rights conferred and something like a fraud upon the seller. The plaintiff's claim for damages in this case might have been affected by the condition and customs of the trade, and any breach of good faith on its part could be taken into account. In such a case it would be competent for the defendant to plead and prove facts to show that the orders were in excess of the plaintiff's reasonable needs and were not justified by the conditions of the business or the customs of the trade. In other words, that the plaintiff was not acting reasonably or in good faith, but using the contract for a purpose not within the contemplation of the parties; that is to say, for speculative as distinguished from regular and ordinary business purposes. But no defense of this kind was either pleaded or proved in this case, and so the judgment must be affirmed, with costs."

In the case at bar such defense has been pleaded, and if proven may defeat in whole or in part the alleged cause of action. From the moving papers it appears that the defendant has no knowledge of the names and addresses of the persons, firms and corporations from whom the plaintiff claims to have received said orders for molasses, which orders he claims to have transmitted to the defendant, nor as to the dates, quantities ordered, nor prices at which the molasses aggregating 2,773 barrels was sold, the contemplated profits upon which constitute the alleged damages which he seeks to recover. Evidently, unless the defendant can be furnished with such information it cannot properly prepare for the trial of the action, but must rely very largely upon the cross-examination of the plaintiff, with little or no opportunity to call witnesses in contradiction or explanation. Doubtless the information could be more satisfactorily obtained by means of an examina-

tion of the plaintiff before trial, but under the objection of the plaintiff that privilege has been denied, and in view of the decisions cited the order of denial must be held not to be before us for review. The plaintiff can hardly in fairness object to the defendant having the information it seeks. Without it the trial would undoubtedly be unreasonably prolonged, possible injustice be done, and very probably a new trial be granted on newly-discovered evidence. With the information the case can be intelligently tried and a just decision reached upon the merits. While the appeal from the order of March twenty-first vacating and annulling the order for the examination of the plaintiff before trial must be dismissed, with ten dollars costs and disbursements to the respondent, the order of February twelfth denying the application for a bill of particulars must be reversed, with ten dollars costs and disbursements to the appellant, and the motion granted, with ten dollars costs to the appellant.

All concurred.

Order of February 12, 1917, reversed, with ten dollars costs and disbursements to the appellant, and motion granted, with ten dollars costs to appellant. Order of March 21, 1917, reversed, and motion dismissed, with ten dollars costs and disbursements to respondent.