WARNER-QUINLAN ASPHALT COMPANY, Appellant, *v.* AMERICAN ASPHALT PAINT COMPANY, Respondent.

First Department, March 8, 1918.

**Pleading — action for purchase price of turpentine substitute, furnished to paint company — counterclaim for damages for plaintiff's refusal to deliver whole amount under contract — right of plaintiff to bill of particulars showing from whom defendant claims to have received orders for paint products requiring use of turpentine.**

Where, in an action for the purchase price of a turpentine substitute delivered by plaintiff to defendant under a written contract, plaintiff claimed that the contract covered only such an amount as defendant actually needed and required in its business, and the defendant counterclaimed for damages because of the plaintiff's refusal to deliver the maximum amount provided for by the contract, and in answer to plaintiff's demand for a bill of particulars stated that the maximum was used by the defendant in the manufacture of paint products, and no part of it was resold to other persons in the form in which it was purchased from plaintiff, the latter being still unconvinced that defendant actually needed the amount of turpentine substitute which was undelivered, is entitled to a further bill of particulars showing from whom the defendant claims, to have received orders for paint products, the manufacture of which required the use of the turpentine substitute which was not delivered.

APPEAL by the plaintiff, Warner-Quinlan Asphalt Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 17th day of December, 1917, denying plaintiff's motion for a further bill of particulars as to defendant's counterclaim.

*Finis E. Montgomery* of counsel [*Henry A. Rubino*, attorney], for the appellant.

*Victor E. Whitlock* of counsel [*Holm, Whitlock & Scarff*, attorneys], for the respondent.

SCOTT, J.:

The action is for the agreed price of an article known as turpentine substitute delivered by plaintiff to defendant under a written contract. The article is used by defendant in

manufacturing or mixing paint. There is no denial that plaintiff delivered the quantity of turpentine substitute sued for, but defendant counterclaims for damages exceeding the value of the merchandise thus delivered, because the plaintiff has refused to deliver the whole amount of turpentine substitute called for by the contract. The contract was originally made to cover the whole of the year 1916, and was afterwards extended until March 31, 1917. The contract provided that the seller (plaintiff) would deliver and the purchaser (defendant) would buy and receive " all the follow-ing materials necessary " to wit, turpentine substitute at eight cents per gallon. As to the quantity to be so delivered and received the provision was " Purchaser's requirements 125,000 gallons minimum; 180,000 gallons maximum." Then followed the following clause around which the controversy between the parties centers: " This contract is to cover purchaser's actual requirements only, quantity stated being the estimate of these requirements. In the event of minimum quantity not being required, no penalty shall attach to the purchaser, nor will purchaser be required to take any quantity in excess of actual requirements." The controversy is as to whether the " actual requirements " mentioned in the contract should be construed to mean such an amount of turpentine substitute as was necessary for and as defendant should actually require in its business, or such an amount as defendant might desire and, therefore, require to be delivered to it. It is obvious that the contract is ambiguous in this regard and that evidence may be requisite to clear up this ambiguity. We do not consider that we should undertake to construe the contract on this motion, but should leave that for the trial. For the purposes of this appeal we will assume, without deciding, that the contract should be construed, as contended for by plaintiff, that it covered only such an amount of turpentine substitute as defendant actually needed and required in its business.

It appears that only 118,046 gallons of turpentine substitute were actually delivered. Defendant claims that it was entitled to receive 61,954 gallons in addition (making in all the maximum of 180,000 gallons), and that since the market price of the product had largely increased it suffered serious

loss by not receiving all that it claims to have been entitled to under the contract. In answer to plaintiff's demand for a bill of particulars of defendant's counterclaim the latter stated that: " All of the foregoing material [meaning the 61,954 gallons] was used by defendant in the manufacture of paint products, and no part of it was resold to other persons in the form in which it was purchased by defendant from plaintiff."

The plaintiff being still unconvinced that defendant actually needed the amount of turpentine substitute which was undelivered now asks a further bill of particulars which shall show from whom the defendant claims to have received orders for paint products, the manufacture of which required the use of 61,954 gallons of turpentine substitute. The motion to this effect was denied at Special Term and from the order denying it this appeal is taken. The avowed purpose of the plaintiff, if it can obtain the bill of particulars desired, is to investigate the subject of defendant's orders so as to be prepared to meet, at the trial, the defendant's claim that it actually needed the amount of turpentine substitute which was not delivered.

We think that under the peculiar circumstances of this case the plaintiff is entitled to the particulars it demands. Such particulars have frequently been ordered in similar cases. ( *New York Central Iron Works Co.* v. *U. S. Radiator Co.*, 174 N. Y. 331; *Moore* v. *American Molasses Co.*, 179 App. Div. 505; *United States Paper Co.* v. *De Haven*, 115 id. 403.)

The order appealed from is, therefore, reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., SMITH, DAVIS and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.