JOSEPH MOLLOY, an Infant, by SARAH MOLLOY, His Guardian ad Litem, Appellant, v. WILLIAM H. EAGLESON, Respondent.— Order unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Rich, Putnam, Kelly and Jaycox, JJ.

MARTIN MOLLOY, Appellant, v. WILLIAM H. EAGLESON, Respondent.— Order unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Rich, Putnam, Kelly and Jaycox, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANNIE MURPHY and BRIDGET FLAHERTY, Appellants.— Appeal dismissed on argument. Jenks, P. J., Mills, Rich, Blackmar and Jaycox, JJ., concurred.

PRESTON B. RULAND, Appellant, v. HENRY P. TUTHILL, as County Treasurer of Suffolk County, New York, and Another, Respondents. (Appeal No. 2.) — Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Mills, Putnam and Blackmar, JJ., concurred.

---

## FIRST DEPARTMENT, MARCH, 1919.

WARNER-QUINLAN ASPHALT COMPANY, Appellant, v. AMERICAN ASPHALT PAINT COMPANY, Respondent.

*Contract — ambiguity in — when not construed upon motion.*

Appeal from an order of the Supreme Court, entered in the New York county clerk's office, denying the plaintiff's motion for judgment on the pleadings.

PER CURIAM: When this case was before us on the appeal from an order denying plaintiff's motion for a bill of particulars (182 App. Div. 235) we pointed out that there was an ambiguity in the contract which required evidence to remove, and for that reason we refused to construe the contract on a motion. Notwithstanding this plain statement of our views, the plaintiff has made two motions for judgment on the pleadings before different justices at Special Term, and taken this appeal. The bills of particulars that have been served have not resolved the question of construction of the contract. It should be construed on the trial in the light of such evidence as may be appropriately received to remove the ambiguity. The order should be affirmed, with ten dollars costs and disbursements. Present —Clarke, P. J., Dowling, Smith, Page and Shearn, JJ. Order affirmed, with ten dollars costs and disbursements.