JAMES A. STILLMAN, Plaintiff, *v.* ANNE U. STILLMAN and GUY STILLMAN, Defendants.

Supreme Court, Putnam County, September, 1922.

*Husband and wife — divorce — referee's report confirmed.*

MOTION to confirm report of referee.

*Cornelius J. Sullivan (Outerbridge Horsey, William Rand* and *Gerald Donovan,* of counsel), for plaintiff.

*John F. Brennan (Isaac N. Mills,* of counsel), for Anne U. Stillman, defendant.

*John E. Mack,* guardian ad litem, for infant defendant.

Supreme Court, Rockland Special Term, October, 1922.

*Practice — divorce — noticing motion for different Special Terms — jurisdiction of term for which first notice was served.*

MOTION for judgment upon referee's report.

*Cornelius J. Sullivan (William Rand, Jr.,* of counsel), for plaintiff.

*Brennan, Curran & Bleakley,* for defendant Anne U. Stillman.

*John E. Mack,* for defendant Guy Stillman.

TOMPKINS, J. It appears without dispute that after the referee's report was filed in the office of the county clerk of Putnam county, the plaintiff's attorney, on the 29th day of September, 1922, served upon the attorney for the adult defendant, and upon the guardian *ad litem* for the infant defendant, a notice of motion returnable at a regularly appointed Special Term to be held at Supreme Court chambers in the village of Nyack on the 7th day of October, 1922, at ten o'clock in the forenoon, pursuant to paragraph 1, rule 63 of the Rules of Civil Practice, for judgment in the above-entitled action, " and for such other and further relief as to the court may seem just and proper."

On the same day, but several hours later, the guardian *ad litem* for the infant defendant served a similar notice of motion upon the plaintiff's attorney and the attorney for the adult defendant, returnable before a Special Term appointed to be held at Poughkeepsie on the 7th day of October, 1922. Thereafter, and on October second, the attorney for the adult defendant obtained from a justice of this court an order to show cause, returnable at a Special Term appointed to be held at White Plains on the 4th day of October, 1922, why judgment should not be granted upon the referee's report in favor of the adult defendant. The defendants' interests were identical, and both sought to have the referee's findings confirmed. When this order to show cause came on before the Special Term at White Plains, on October fourth, the plaintiff's counsel made and filed objections to the motion being made at that time and place, on the ground that the plaintiff had previously noticed a similar motion which was returnable at Special Term in Nyack, on October seventh, and that upon the service of the notice of motion by the plaintiff's attorney, on both the defendants on September twenty-ninth, and prior to the service of the notice of motion by the guardian *ad litem*, and before the said order to show cause was obtained by the adult defendant, the Nyack Special Term became vested with jurisdiction of the matter, and that the White Plains Special Term was without jurisdiction to hear the motion. These objections were overruled and the White Plains Special Term entertained the motion and on the sixth day of October made a decision confirming the findings of the referee and on the same day made an order confirming the referee's report, and directing that the form of judgment be settled at a Special Term to be held in White Plains on the thirteenth day of October.

When this motion came on before the Special Term at Nyack on October seventh, pursuant to the plaintiff's notice of motion, counsel appeared for both of the defendants and objected to the jurisdiction of this court, on the ground that the matter had already

been argued before and decided by the White Plains Special Term and the question now is as to the regularity of the practice.

I think that when the plaintiff regularly served a proper notice of motion for judgment upon the referee's report, upon both defendants, returnable at a Special Term appointed to be held in Nyack, that act vested jurisdiction in the Nyack Special Term, and that thereafter no party to the action could properly serve a notice of motion or obtain an order to show cause for the same purpose, returnable before another Special Term, unless there was some special and good reason for action upon the referee's report by some other Special Term earlier than October seventh, which reason does not appear in the order to show cause or the affidavit upon which it was granted; and I think that all parties concerned were then required to go before the Nyack Special Term for the relief they might seek under the referee's report, and if any party sought to have the matter referred to some other Special Term, application could then have been made for that purpose; and if there were good reason therefor, the Nyack Special Term would have referred the matter to such other Special Term.

It seems to me that the practice followed by counsel for the defendants was improper, and contrary to the well-established practice, and was calculated to cause confusion and disorder. If such practice were permissible, great confusion might result in an action or proceeding where there were several parties interested, because each one concerned might make a motion for the same general relief returnable before a different Special Term, and there might be as many motions pending before as many different Special Terms at the same time as there would be parties to the action or proceeding.

My conclusion, therefore, is that it not appearing that there was any special or good reason for the granting of the order to show cause returnable two days thereafter before another Special Term and three days before the return day of the plaintiff's notice of motion, which had been previously served, that the Special Term held at Nyack on October seventh had exclusive jurisdiction of the matter, and that the White Plains Special Term was without jurisdiction to hear the motion on October fourth or decide it on October sixth, and that the Poughkeepsie Special Term was likewise without jurisdiction. I think the plaintiff's counsel fully reserved his right to bring the motion on before the Special Term at Nyack, by the presentation and filing of the objections before the White Plains Special Term.

Inasmuch as the matter was decided and the order above referred to made by the justice holding the White Plains Special Term, I will not add to the disorder and confusion by undertaking at

this time to exercise the jurisdiction which I think this court has acquired, and still holds. I will, however, entertain the plaintiff's motion and will adjourn the hearing upon the merits until the Appellate Division shall decide the validity of the order and judgment made by the Special Term at White Plains and the regularity of the proceeding.

Ordered accordingly.