In the Matter of the Application of the CITY OF NEW YORK for a Writ of Certiorari, Directed to MARTIN J. EVERY and Others, Assessors of the Tax District of the Town of Olive, Ulster County, State of New York.

MARTIN J. EVERY and Others, Assessors of the Tax District of the Town of Olive, Ulster County, Appellants; CITY OF NEW YORK, Respondent.

Third Department, February 18, 1931.

*John W. Eckert* and *Robert G. Groves*, for the appellants.

*Arthur J. W. Hilly, Corporation Counsel [Frank T. Fitzgerald* and *John Suglia* of counsel], for the respondent.

DAVIS, J.   There are pending in the Supreme Court in Ulster county proceedings in certiorari to review certain assessments made on the property of the city of New York in the town of Olive, Ulster county.   A referee was appointed October 5, 1929, to take evidence concerning the validity of the assessment and to report the same to the court with his findings of fact and conclusions of law with all convenient speed.   This referee has become disqualified; and the question involved in this appeal is the appointment of a referee to succeed him.

The chronology of events is interesting and somewhat illuminating.   The assessment was made in the year 1929; and the grievance day for parties to appear and be heard concerning their assessments was appointed for August 20, 1929, when the assessors attended in the town of Olive to hear the complaints of parties

aggrieved. It appears that an assessment of $5,000,000 had been made against the city of New York on about 8,000 acres of land in that town, constituting a part of its water works property, consisting of dams, dikes, regulating weirs and other appurtenances. The representatives of the city appeared. There was some discussion of the amount of the assessment, and a verified protest or objection was filed; but no proof was offered and nothing was done. On September 20, 1929, the city obtained an order granting a writ of certiorari, and a writ was issued to review the assessment. The claim is that there was illegality, overvaluation and inequality in the assessment.

As we have said, a referee was appointed on the following fifth of October. This was apparently by consent on motion, for no hearings had been held. The application was made, as it happened, before a Special Term presided over by the same justice who had granted the writ of certiorari. Evidently counsel for the assessors made an effort to have a reasonably prompt hearing before the referee on the questions raised by the writ, but delay occurred through the counsel for the city. The parties are in agreement that the referee accepted the position and was ready to proceed.

For a year nothing was done on the part of the city to bring the matter on for a hearing. That was surely not acting " with all convenient speed," as the order required. In the meantime, as we learn in another appeal argued the same day, the city had not paid its taxes and is resisting all efforts for their collection.

On the 1st of October, 1930, the referee was appointed by the Governor a justice of the Supreme Court, and thereupon became disqualified to act in the proceeding. On October 10, 1930, the assessors gave notice of a motion before a Special Term appointed to be held in the city of Troy on October eighteenth, for an order appointing a referee in place of the one disqualified. The day before this motion was returnable, counsel for the city, without notice, obtained an order appointing a new referee from the same justice who had appointed the former referee. An affidavit was submitted and the order was granted at a time when the justice was not holding a term of court.

On the return of the motion at the Special Term at Troy, counsel for the city announced that an order had been granted, but surrounded the matter with more or less mystery, and stated in substance that it was agreed between the justice and himself that it should not then be filed. It was not in fact filed until November 13, 1930. We are impressed with the fact that the whole proceeding was somewhat furtive, with confusion and delay as a result not wholly undesired by counsel for the city.

Counsel for the assessors moved promptly to vacate the *ex parte* order appointing a referee. The motion was denied. It is the common practice in this State to give notice of motion to the opposing party who has some substantial interest in the matter. An order granted *ex parte* under such circumstances will be vacated. (*Shaw* v. *Coleman*, 3 N. Y. St. Repr. 534.) The attorneys for the assessors were entitled to notice. They could be heard to object to the qualifications of any referee suggested, or to ask that no referee be appointed and that the hearing be had before the court, because of the delay that had occurred and was likely to occur again. The case was as important to the town of Olive as it was to the city of New York. We think the motion should have been granted. (*Brady* v. *Kennedy*, 65 App. Div. 190; *Goldreyer* v. *Foley*, 154 id. 584, 586; *Proctor* v. *Soulier*, 82 Hun, 353, 356; *Hellier* v. *Loring*, 242 Mass. 251; Rules Civ. Prac. rule 60.)

The Tax Law, section 293, provides that in certiorari: " If upon the hearing it shall appear to the court that testimony is necessary for the proper disposition of the matter, it may take evidence or may appoint a referee to take such evidence as it may direct, and report the same to the court, with his findings of fact and conclusions of law, * * *." It will be observed that it is the court which appoints the referee, and it is to the court that the report is made. (*People ex rel. Jamaica W. S. Co.* v. *Tax Commissioners*, 196 N. Y. 39, 50.) This does not mean that any one justice of the Supreme Court retains jurisdiction over the proceedings by the mere granting of the writ. If actual proceedings had been begun before a justice sitting on the trial of the issues, and a referee was appointed to take proof on certain issues, the rule might be different. (*Ungar* v. *Valencia Realty Corp.*, 224 App. Div. 8.) But in this case the reference was " to take evidence in relation to the matters and things put in issue by the return to said writ; " and there had been no hearings whatever on those issues, either by the referee or by the justice granting the writ. The justice, therefore, did not, as counsel for the city claims, acquire exclusive jurisdiction over the proceedings. They might have been brought on for a hearing before any justice in the district who was holding a Special Term. Likewise, the report of a referee who had taken the evidence was returnable to the court, and a motion to confirm it could have been heard at Special Term before any justice holding such term in the district, unless by some direct initiation of the proceeding and a hearing on the merits or the taking of evidence, some justice had acquired juris-

diction to the exclusion of others. (See *Hinman* v. *Devlin,* 40 App. Div. 234.)

A notice of motion before it is returnable does not of itself confer exclusive jurisdiction of the matter in the court where the motion is made; and another motion may be made in the same matter returnable at an earlier date before another Special Term. The one first acquiring jurisdiction is authorized to hear the motion and make an order. (*Stillman* v. *Stillman,* 119 Misc. 868; affd., 204 App. Div. 845.) Studied efforts to get a case before a particular judge are unseemly. However, they raise, in general, only questions of judicial ethics; and usually upon learning the facts, a justice will yield to the other before whom a motion was first initiated. Here the motion properly should have been heard in the Special Term at Troy; and the granting of an *ex parte* order was unauthorized.

The *ex parte* order is not appealable (*Matter of Bean* v. *Stoddard,* 207 App. Div. 276, 281; affd., 238 N. Y. 618; *Moore* v. *American Molasses Co.,* 179 App. Div. 505), and the appeal should be dismissed. The proper practice was by motion to vacate the *ex parte* order. That motion could have been made at any Special Term or before this court. (Civ. Prac. Act, §§ 131, 132.) As we have indicated, our views are that the motion should have been granted. It appears that the matter is being held in the Special Term at Troy pending this appeal. If that court still retains jurisdiction, the motion should be there decided and a referee appointed. If not, then the parties may obtain such appointment by a new motion. We think there should be prompt hearing and determination of the certiorari proceeding. About eighteen months have gone by since grievance day, and nothing has been done to review the assessment. In the meantime the town has been kept out of its taxes. We disapprove such dilatory tactics.

The order of December 6, 1930, denying the motion to vacate the order of October seventeenth should be reversed on the law and the facts, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

The appeal from the *ex parte* order should be dismissed.

All concur; HINMAN, J., in the result.

Appeal from the *ex parte* order dismissed.

Order of December 6, 1930, reversed on the law and the facts, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.