THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM W. BENSEN and Others, Relators, *v.* RICHARD J. LEWIS, Commissioner of Assessment and Taxation of the City of Albany, New York, and Others, Respondents. And Twenty-Nine Other Cases.

*Ex parte* orders, dated December 15, 1937, vacated, and returns are directed to be filed at the Sullivan County Special Term appointed to be held January 7, 1938, without costs.

Hill, P. J., Rhodes, Crapser and Heffernan, JJ., concur; McNamee, J., dissents, with an opinion, and votes to deny the motions.

McNAMEE, J. (dissenting). Relator has presented his petition for a writ of certiorari to review a tax assessment levied in the city of Albany, at a Special Term sitting there. The writ was made returnable December 17, 1937, and return was directed to be made at the Sullivan Special Term. This is one of 232 similar applications, involving 515 parcels of land in the city of Albany, which were started within about one week before December 7, 1937.

The city applied, *ex parte*, at a Special Term in Albany on December 15, 1937, for an order extending its time to make return, on the ground that it was not possible to be ready for the Sullivan Term December 17, 1937, and asked that a new time and place be fixed for return. This order was granted.

Relator now says that the order should be vacated, because it was granted without notice, and because it changed the place of return. Neither of these grounds is tenable. The statute in so far as applicable here provides that upon allowance of a writ of certiorari to review an assessment the order " shall prescribe therein the time within which a return thereto must be made," and also that it " may be extended by the court or a justice thereof; " and that " such writ shall be returnable to a Special Term * * * of the judicial district in which the assessment is made."

The extension granted carried the time for return beyond the sitting of the Sullivan Special Term, and as seen, the place of return also must be specified in the order, viz., " at a Special Term of the Supreme Court." This made a designation of a new Special Term imperative, otherwise the extension authorized by the statute would be nugatory and the whole proceeding would be nullified. It would be idle to say that the change of place did not follow the order extending the time. We should not read statutes so as to make them meaningless, or destructive of the rights of parties. It is thus seen that the order of extension was made in strict compliance with the terms and necessary implications of the statute. That the extension should have been granted is apparent on the merest glance at the papers, and was evident from the argument. It was granted by the proper authority, and made returnable at a proper place. We are not free to interfere in this instance.

The petition and return are similar to pleadings, and an extension of time to plead has always been granted in the first instance without notice. The Civil Practice Act (§ 98) and the Rules of Civil Practice (rule 87) and ancient practice justify this. And the particular statute controlling procedure in this class of cases requires no notice.

It is asserted that the application should have been made to the justice who made the first order. As a matter of common-law practice that is true in many cases, as where a proceeding has been initiated before a justice who has given a hearing and taken steps therein which are not complete, or which have failed in part. ( *Ungar* v. *Valencia Realty Corp.*, 224 App. Div. 8.) That is not the case here, because here we have a statute fixing the procedure, and the statute has been complied with.

In *Matter of City of New York* v. *Every* (231 App. Div. 576) this court held squarely that it was not necessary to go back to the same justice, even when jurisdiction had been taken by him and he had appointed a referee to hear and report and the referee became disqualified upon appointment to the Supreme Court. That case involved common-law practice only, and no statute directed the procedure. Of course, that case was out of harmony with well-known practice, and cannot be approved. But here we have a statute controlling the practice, which does not require going back to the same justice, and we are making a contrary decision.

I dissent, and vote to deny the motion.